Filed 1/15/21  P. v. Sally CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER SALLY,<br><br>    Defendant and Appellant. | F079349<br><br>(Super. Ct. No. 4002850)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Meehan, Acting P.J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

Following a bench trial in 2019, appellant Walter Sally was convicted of (1) failing to register annually as a sex offender (Pen. Code, § 290.012, subd. (a);[1] count I) and (2) failing to register his change of residential address as a sex offender (§ 290.013, subd. (a); count II). The court sentenced him to prison for the low term of 16 months in count I, along with a concurrent low term of 16 months in count II.

Appellant raises a claim of ineffective assistance of counsel. He contends that his trial counsel should have filed a motion for judgment of acquittal at the close of the prosecution's case-in-chief. He asserts that, setting aside his own statements to law enforcement, the prosecution failed to satisfy the corpus delicti rule in count II. According to appellant, the prosecution failed to establish with independent evidence that he had moved from his prior residence. We conclude that appellant fails to demonstrate ineffective assistance, and we affirm.

## BACKGROUND

The parties below waived their respective rights to a trial by jury. We summarize the material facts from the bench trial.

### I.     The Evidence From The Prosecution's Case-In-Chief.

In 2008, appellant was convicted by a plea agreement of one count of incest (§ 285) and he was sentenced to prison for an upper term of three years. That conviction required him to register as a sex offender.

In 2008, appellant signed a form titled "Notice Of Sex Offender Registration Requirement" acknowledging, among other things, that (1) he has a lifetime requirement to register as a sex offender; (2) he is required to update his registration each year within five working days of his birthday; and (3) he must inform law enforcement within five working days of any change of address.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

In February 2009, appellant provided law enforcement with an address on H Street in Turlock as his place of residence. In June 2012, appellant submitted his annual registration form[2] and listed the H Street address as his residence. However, in 2013, 2014, 2015 and 2016, appellant failed to provide his annual registration. During these years, he also did not submit any paperwork reflecting any change of address.

On September 1, 2016, a sheriff's deputy attempted to contact appellant at the H Street address. Appellant was not there, but the deputy spoke with a male, Kortney, who provided appellant's phone number.[3] That same day, the deputy left a voice message for appellant. Appellant returned the call a short time later and the deputy informed him that he was not in compliance with his registration requirements. Appellant stated that he was not a molester, and had done nothing wrong, and he disconnected the phone call. A few days later, appellant left the deputy a voice message, and he again asserted that he was not a sex offender.

After the deputy's first visit to the H Street address, he returned to that residence (accompanied by a detective) three more times in 2016 in an attempt to contact appellant. Each time, appellant was not at the residence.

In October 2017, appellant was arrested on an outstanding warrant.[4] The warrant had issued because appellant had failed to comply with his registration requirements and law enforcement could not locate him. Following appellant's arrest, the deputy who testified in this matter interviewed him at the sheriff's department's main office. Appellant informed the deputy that, about one year earlier, he had moved from the H Street address to a residence on Almond Avenue in Turlock. Appellant indicated that

---

**2**    Appellant's birthday is June 6.

**3**    Other than giving his first name to the deputy, Kortney refused to provide any other identifying information about himself.

**4**    The detective who arrested appellant did not testify in this trial.

he had thought his registration requirements had ended when he completed parole in 2012.

## II. The Defense Case.

Appellant testified on his own behalf. He was released from prison in 2009 and he registered as a sex offender while on parole. During parole, he spoke with various people, such as therapists, and he had come to believe that he was not required to register as a sex offender once his parole term ended. He was discharged from parole in 2012. In court, he admitted initialing a registration form, which stated he had a lifetime duty to register. He thought that form, however, had provided only general information, and he did not really have a lifetime duty to register as a sex offender. He believed the "specifics" of his requirements would be provided to him by individuals.

Appellant testified that he was renting the H Street residence in September 2016, and Kortney lived with him. In approximately October 2016, he moved to the residence on Almond Avenue. Appellant did not report his change of address to law enforcement until he was interviewed following his 2017 arrest.

## DISCUSSION

In count II, appellant was charged with violating section 290.013, subdivision (a). This statute provides that, once a person registers as a sex offender, that person must inform the same law enforcement agency if he or she moves to a new residence. This reporting requirement occurs whether the new address is within the law enforcement's jurisdiction, or to a new jurisdiction inside or outside the state. The person must alert law enforcement "in person," and "within five working days" of moving. (§ 290.013, subd. (a).)

Appellant argues that his trial counsel rendered ineffective assistance because, at the close of the prosecution's case-in-chief, counsel failed to file a motion for judgment of acquittal under section 1118.1. According to appellant, such a motion was proper

because the prosecution failed to satisfy the corpus delicti rule for count II. He asserts that, setting aside his own statements to law enforcement, the prosecution failed to prove the corpus of this crime, i.e., that he had moved. He contends that, if his trial counsel had filed this motion, it would have been granted. He maintains that his counsel's alleged error caused him prejudice. He asks that this court reverse his conviction in count II and remand for further proceedings. He posits that the trial court should be directed to determine the following: (1) Would the trial court have granted a section 1118.1 motion had it been made; or (2) Would the trial court have permitted the prosecution to reopen the case and, if so, was the prosecution prepared to prove, aside from appellant's extrajudicial statement, that appellant had moved.

In contrast, respondent asserts that appellant's trial counsel was not ineffective when he failed to move for judgment of acquittal in count II at the close of the prosecution's case-in-chief. According to respondent, the totality of the circumstantial evidence, and the reasonable inferences drawn from it, were sufficient to establish the corpus of the crime in count II. Respondent maintains that appellant's trial counsel made a reasonable tactical choice in failing to file a motion under section 1118.1.

We agree with respondent and we reject appellant's claim of ineffective assistance of counsel. We summarize the relevant law.

## I.     Ineffective Assistance Of Counsel.

Under the federal and state constitutions, a criminal defendant is entitled to the effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *People v. Ledesma* (1987) 43 Cal.3d 171, 215.) To prevail on a claim of ineffective assistance of counsel, a defendant must establish two criteria: (1) that counsel's performance fell below an objective standard of reasonable competence and (2) that he was thereby prejudiced. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688.) The defendant

has the burden of showing both deficient performance and resulting prejudice. (*People v. Lucas* (1995) 12 Cal.4th 415, 436.)

## II.   A Motion For Judgment Of Acquittal.

Appellant's claim of ineffective assistance in this matter is based on his counsel's alleged failure to file a motion for judgment of acquittal under section 1118.1.[5]  That statute, however, only applies in a jury trial.  Because this was a nonjury trial, section 1118 was the applicable statute. (*People v. Landis* (2007) 156 Cal.App.4th Supp. 12, 14, fn. 1.)

Section 1118 states:  "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses.  If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right."

## III.   The Corpus Delicti Rule.

"In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself—i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168.)  "This rule is

_____

[5]   Section 1118.1 states:  "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal.  If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right."

intended to ensure that one will not be falsely convicted, by his or her untested words alone, of a crime that never happened." (*Id.* at p. 1169.)

A prosecutor must prove the corpus delicti by evidence apart from the defendant's extrajudicial declarations and statements. (*People v. Mehaffey* (1948) 32 Cal.2d 535, 544.) It is long settled in California that "the prosecution is not required to establish the corpus delicti by proof as clear and convincing as is necessary to establish the fact of guilt; rather slight or prima facie proof is sufficient for such purpose." (*Id.* at p. 545.) "In California any element of the corpus delicti may be established by circumstantial evidence. In fact, the corpus delicti may be established in its entirety by circumstantial evidence." (*People v. Manson* (1977) 71 Cal.App.3d 1, 41.) The amount of independent proof necessary to establish corpus delicti has been called "quite small," " 'slight,' " or " 'minimal,' " amounting only to a prima facie showing permitting a reasonable inference a crime was committed. (*People v. Jones* (1998) 17 Cal.4th 279, 301.) "Once the corpus delicti has been established, the defendant's statements may be considered for their full value." (*People v. Tompkins* (2010) 185 Cal.App.4th 1253, 1259.)

## IV.    The Facts From This Matter.

Appellant notes that the prosecution never established at what time during the day law enforcement went to his residence on H Street. He contends that nothing shows that these visits were within normal working hours or if the various visits occurred at different times during the day. Appellant also notes that his roommate at the H Street address, Kortney, provided law enforcement with appellant's phone number. Appellant argues that, because Kortney had his phone number, a reasonable inference did not exist that he had moved. He maintains that the prosecution did not establish the required corpus delicti in count II.

We reject appellant's various assertions and we agree with respondent that sufficient minimal evidence during the prosecution's case-in-chief, aside from appellant's

statements to law enforcement, established the corpus delicti for count II. The trial court learned that, after appellant initially provided law enforcement with his address in 2012, he subsequently failed to register in 2013, 2014, 2015 and 2016. During these years, he also did not submit any paperwork reflecting a change in his address. On four occasions in 2016, law enforcement personnel attempted to contact appellant at the H Street residence. He was never there. A warrant for appellant's arrest was eventually issued, and appellant was arrested in 2017.

The evidence which the court heard, and the reasonable inferences drawn from it, strongly suggested that appellant had either moved and failed to notify law enforcement about his change of address, or he continued to reside at his last known address and failed to submit his required annual registration. In either event, sufficient minimal evidence existed to show that, apart from appellant's subsequent statements to law enforcement, one or both of the crimes charged in counts I and II may have occurred.

We reject appellant's assertion that he has established ineffective assistance of counsel. In ruling on such a claim, we must defer to trial counsel's reasonable tactical decisions, and there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. (*People v. Lucas, supra*, 12 Cal.4th at pp. 436–437.) An appellate court will reverse a conviction "only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission." (*People v. Fosselman* (1983) 33 Cal.3d 572, 581.) In conducting this review, we must consider whether the record contains any explanation for counsel's actions; if the record sheds no light on counsel's actions, the claim is not cognizable unless counsel was asked for an explanation and failed to provide one, or unless there could be no satisfactory explanation for the actions taken. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; *People v. Kelly* (1992) 1 Cal.4th 495, 520.)

In this matter, the prosecution's case-in-chief (apart from appellant's statements to law enforcement) reasonably suggested that one or both of the charged crimes had

8.

occurred.  It did not appear at all reasonably likely that appellant could be falsely convicted in count II by his words alone of a crime that never happened.  Under these circumstances, it appears that defense counsel made a reasonable tactical decision when he did not file a motion for judgment of acquittal based on an alleged violation of the corpus delicti rule and, instead, he proceeded with the defense case.

Based on this record, appellant's claim of ineffective assistance of counsel is without merit.  His trial counsel was not asked for an explanation and we cannot state that there could be no satisfactory explanation for the actions taken.  Thus, appellant fails to show that his counsel's performance fell below an objective standard of reasonable competency.  Accordingly, appellant has not established ineffective assistance, and this claim fails.

## DISPOSITION

The judgment is affirmed.